**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>DON ROSE OIL, INC.,<br><br><br>Debtor. | Case No. 17-12389-A-7 |
| CONSOLIDATED RESOURCES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DRO BARITE, LLC, et al.,<br><br>Defendants. | Adv. No. 19-1137-A<br><br>LAK-1, DB-1, SSN-1<br><br>**AMENDED MEMORANDUM** |

Argued and submitted on March 18, 2020

at Fresno, California

Honorable Fredrick E. Clement, Bankruptcy Judge Presiding

Appearances:   Brian A. Paino, McGlinchey Stafford for
               Consolidated Resources, Inc.; Lori E.
               Eropkin, Levinson Arshonsky & Kurtz, LLP
               for Sallyport Commercial Finance, LLC;
               Jamie P. Dreher and Brian E. Hamilton,
               Downey Brand LLP for Idemitsu Apollo
               Corporation; Steven S. Newburgh,
               McLaughlin & Stern, PLLC, for Happy Rock
               Merchant Solutions, LLC; Hagop T. Bedoyan,
               McCormick, Barstow, Sheppard, Wayte &
               Carruth LLP for Happy Rock Merchant
               Solutions, LLC

The claim splitting rule precludes an aggrieved party from pursuing two lawsuits arising from a single set of facts against the same defendants. Here, the plaintiff filed an action against the debtor and others, asserting its interest in barite mineral rights. This court granted the defendants' motion to dismiss the action, but gave the plaintiff leave to amend. Rather than doing so, the plaintiff re-filed the action in state court. May it do so?

## I.    FACTS

This is a dispute over the ownership of 200 acres of barite minerals located in San Bernardino County, California. Barite is a commercially valuable mineral with medical and industrial applications.[1] Consolidated Resources, Inc. ("Consolidated Resources"), now wholly owned by Kodiak Mining & Minerals II, LLC ("Kodiak Mining & Minerals"), contends it owns those rights free and clear of encumbrances. Sallyport Commercial Finance, LLC ("Sallyport"), Indemitsu Apollo Corporation ("Indemitsu"), and Happy Rock Merchant Solutions, LLC ("Happy Rock") claim a perfected security interests in those rights.

The underlying facts are murky.

### A.    State Law Rights

The barite mineral rights were originally owned by Consolidated Resources, which was wholly owned by Don Rose.

Don Rose was the founder, and also the then the sole owner, of Don Rose Oil Co., Inc. ("Don Rose Oil").

---

[1] "Barite" is "barium sulfate occurring as a mineral." *Webster's New Explorer Encyclopedic Dictionary* 143 (2006 ed.). "Barium sulfate" is "a colorless crystalline insoluble compound BaS04 that is used as a pigment and extender, as a filler, and as a substance opaque to X-rays in medical photography of the alimentary canal." *Id.*

In 2012, Consolidated Resources borrowed $2 million from Kodiak Mining & Minerals.  Don Rose pledged 100% of the shares of Consolidated Resources as security for that loan. When Consolidated Resources failed to pay off the loan, Kodiak Mining & Minerals exercised its rights under the pledge agreement and acquired all of Consolidated Resources stock by re-issuing it in its own name, leaving Don Rose without ownership of Consolidated Resources.

In 2014, Don Rose became entangled with John Castellucci ("Castellucci").  Apparently under the auspices of saving Don Rose Oil from what Don Rose believed to be impending financial danger, Castellucci convinced Don Rose to allow him to take control of that company.  Castellucci acquired 51% of the stock of Don Rose Oil, took control of the board of directors and installed his wife and son, Linda Castellucci and Jason Castellucci, respectively, as officers and/or employees.

Thereafter, Don Rose--acting on Castellucci's instructions--made efforts to wrest the barite mineral rights from Consolidated Resources.  He did so by twice attempting to encumber the barite mineral rights owned by Consolidated Resources.  Consolidated Resources, Inc., and its parent company, Kodiak Mining & Minerals, contend both are "bogus" and "a complete fabrication."  Second Amended Complaint at ¶¶ 13 n. 1, 17, *Kodiak Mining & Minerals II, LLC v. Don Rose Oil Co., Inc.*, No. 17-1086 (Bankr. E.D. Cal. 2017), ECF No. 131; Complaint ¶ 26, *Consolidated Resources, Inc. v. DRO Barite, LLC*, No. 19-1137 (Bankr. E.D. Cal. 2019), ECF No. 1.

Don Rose first attempted to do so by way of a transaction between Don Rose, Don Rose Oil and Consolidated Resources.  Under the terms of that agreement, Don Rose Oil loaned Consolidated Resources and Don

Rose, individually, $3.9 million and Consolidated Resources gave Don
Rose Oil a security interest in the barite mineral rights.[2]

Don Rose's second attempt was also a transaction between Don
Rose, Don Rose Oil and Consolidated Resources.  Under the terms of
that agreement, Don Rose Oil loaned Consolidated Resources and Don
Rose, individually, $7 million and Consolidated Resources gave Don
Rose Oil a security interest in the barite mineral rights.  Complaint
at ¶ 25, *Consolidated Resources, Inc.*, No. 19-1137, ECF No. 1.

Castellucci, acting on behalf of Don Rose Oil, then obtained a
$7.25 million revolving line of credit from Siena Lending Group, LLC
using the $7 million secured loan from Consolidated Resources as
collateral. According to Consolidated Resources, Siena "had actual or
constructive knowledge" that the $7 million secured loan from
Consolidated Resources, Inc., to Don Rose Oil, was fabricated. Second
Amended Complaint at ¶ 21, *Kodiak Mining & Minerals II, LLC*, No. 17-
108617), ECF NO. 131.  Siena later assigned the loan to Sallyport.

Don Rose and Castellucci then informed Consolidated Resources
that it was in default of the (non-existent) $7 million loan.
Thereafter, Don Rose, individually and acting in his capacity as
president of Consolidated Resources, and Castellucci, acting on behalf
of Don Rose Oil, entered into an agreement whereby Consolidated
Resources gave, and Don Rose Oil accepted, a deed in lieu of
foreclosure of the barite minerals.  Consolidated Resources

---

[2] According to Kodiak Mining & Minerals II, LLC there is no evidence that
money changed hands or that a promissory note was executed.  Second Amended
Complaint at ¶ 15, *Kodiak Mining & Minerals II, LLC v. Don Rose Oil Co.,
Inc.*, NO. 17-1086 (Bankr. E.D. Cal. 2017), ECF No. 131.  A deed of trust was
given.  Exhibit J to Complaint, *Kodiak Mining & Minerals II, LLC v. Don Rose
Oil Co., Inc.*, No. 17-1086 (Bankr. E.D. Cal. 2017), ECF No. 6.  It is unclear
whether the deed of trust was executed or recorded.

quitclaimed the barite mineral rights to Don Rose Oil.

Then, Don Rose Oil formed a wholly owned subsidiary, DRO Barite, LLC ("DRO Barite"), and transferred the barite mineral rights to it. Kodiak Mining & Minerals contends that the transfer was at the insistence of Siena Lending Group, LLC, and/or Sallyport and that the transfer was made  for the express purpose of placing the barite minerals beyond the reach of Kodiak Mining & Minerals, Consolidated Resources and Don Rose Oil's creditors.

After those rights were transferred to DRO Barite, Indemitsu recorded a deed of trust against the mineral rights to secure a $710,000 indebtedness by Don Rose Oil and Happy Rock recorded a deed of trust against the mineral rights to secure a $1.3 million indebtedness by DRO Barite.

### B.    Pre-bankruptcy Settlement

After these events, Don Rose Oil filed an action against Don Rose, his spouse Janice Rose, Panagiotis Kechagias, Consolidated Resources, and Hellenic Petroleum, LLC ("the Don Rose Oil action").[3] *Don Rose Oil Co., Inc. v. Hellenic Petroleum, LLC*, No. VCU267863 (Tulare County Superior Court December 13, 2016).  Don Rose, Janice Rose and Hellenic Petroleum, LLC filed a counterclaim and third-party claim.  The precise contours of that litigation are unclear, but the dispute appears to be a control fight over Don Rose Oil between Don Rose, his spouse Janice Rose, Panagiotis Kechagias, Consolidated Resources, and Hellenic Petroleum, LLC, on one hand and Don Rose Oil

---

[3] The precise roles of Panagiotis Kechagias and Hellenic Petroleum, LLC in these transactions remain unclear.  Panagiotis Kechagias appears to be an officer, member, and/or equity holder in Kodiak Mining & Minerals II, LLC and also in Hellenic Petroleum, LLC.  Sallyport Commercial Finance, LLC's Counterclaim at ¶ 12, December 12, 2018, ECF No. 211, in *Kodiak Mining & Minerals, LLC v. Don Rose Oil Co., Inc.*, No. 17-1086 (Bankr. E.D. Cal. 2017).

Co. Inc., Castle Energy Inc.(a Castellucci company), Jason Castellucci, Robert Moore (an officer of Don Rose Oil), and John Castellucci on the other hand.

Shortly thereafter the parties entered into a global written settlement agreement. Complaint at Exh. H, *Kodiak Mining & Minerals II, LLC v. Don Rose Oil Co., Inc.*, No. 17-12389 (Bankr. E.D. Cal. November 17, 2017), ECF No. 6. In the pertinent part, the settlement called for Don Rose and his spouse to transfer all remaining shares of Don Rose Oil, and certain real property, 361 Terry Avenue, Farmersville, California, to Castellucci and/or his entities. In exchange, the Castellucci parties agreed to pay the Roses and affiliated entities $720,000 and release them from specified corporate liabilities. That settlement contemplated a separate agreement between Hellenic Petroleum, LLC, and Sallyport with respect to the barite mineral rights. Signatories to the Settlement Agreement were Don Rose, Janice Rose, Panagiotis Kechagias, Hellenic Petroleum, LLC, Consolidated Resources, Don Rose Oil, Castle Energy, Inc., Robert Moore, Jason Castellucci and Castellucci.

At almost the same time, Sallyport and Hellenic Petroleum, LLC, executed a written "Intercreditor, Subordination and Waterfall Payment Agreement." *Id.* at Exh. I. Also intricate, that agreement provided for subordination of Hellenic Petroleum, LLC's interest to Sallyport's interest, sale of the barite minerals and payment of the first $3 million of that sale to Sallyport, the second $3 million to Hellenic Petroleum and the remainder to Don Rose Oil. Signators to this agreement were Sallyport and Hellenic Petroleum, LLC. Don Rose Oil was not a signatory to this agreement but did sign an "Acknowledgement" of the agreement and agreed to "recognize all rights

granted thereby to the parties thereto" and not to "do any act or perform any obligation which is not in accordance with the agreements" therein.

**II.   PROCEDURE**

   **A.   Don Rose Oil's Bankruptcies**

   In 2017, Don Rose, Robert K. Moore and Kodiak Mining & Minerals, creditors, filed an involuntary Chapter 7 bankruptcy against Don Rose Oil. *In re Don Rose Oil Co.*, Inc., No. 17-12359 (Bankr. E.D. Cal. 2017).

   Don Rose Oil answered the involuntary petition and filed its own Chapter 11 petition. *In re Don Rose Oil Co., Inc.*, No. 17-12389 (Bankr. E.D. Cal. 2017).

   In light of the voluntary Chapter 11 petition, the petitioning creditors moved to dismiss their involuntary petition. With the acquiescence of Don Rose Oil the court granted the motion, but reserved the debtor's rights to seek damages arising from the involuntary petition. Order, *In re Don Rose Oil Co., Inc.*, NO. 17-12359, ECF No. 84.

   Notwithstanding the appointment of a trustee in the voluntary Chapter 11, the case quickly converted to Chapter 7. Randell Parker was appointed the trustee.[4]

   **B.   The Kodiak Mining Action**

   Consolidated Resources, Kodiak Mining & Minerals, and Hellenic Petroleum, LLC, brought an adversary proceeding against Don Rose Oil and its secured lenders (Sallyport, Idemitsu and Happy Rock). *Kodiak Mining & Minerals II, LLC*, No. 17-1086, ECF No. 1 ("the Kodiak

---

[4] Originally, Trudi G. Manfredo was appointed the trustee. When Ms. Manfredo resigned, Mr. Parker was appointed the trustee.

Action"). That adversary proceeding encompassed both the state law rights and pre-bankruptcy settlement components of the dispute. The plaintiffs were Kodiak Mining & Minerals, Hellenic Petroleum, LLC, and Consolidated Resources; the defendants were Don Rose Oil, DRO Barite, Sallyport, Idemitsu, Happy Rock, and Gifford's Markets, Inc.

The complaint had five counts: (1) Count I: Declaratory Relief regarding the Settlement Agreement (Consolidated Resources against all defendants); (2) Count II: Fraud in the Inducement (Consolidated Resources against Don Rose Oil, DRO Barite, Sallyport, Indemitsu and Happy Rock;[5] (3) Count III: Failure of Consideration (Consolidated Resources against Don Rose Oil, DRO Barite, Sallyport Commercial Finance, Apollo Indemitsu and Happy Rock Merchant Solutions);[6] (4) Count IV: Fraudulent Transfer (Kodiak Mining & Minerals against Don Rose Oil, DRO Barite, Sallyport, Indemitsu and Happy Rock); and (5) Count V: Declaratory Relief regarding the Settlement Agreement (Hellenic Petroleum against all defendants). Second Amended Complaint, *Kodiak Mining & Minerals II, LLC*, No. 17-1086, ECF No. 131.

Sallyport and Idemitsu moved to dismiss the complaint. Sallyport's motion to dismiss was granted with leave to amend as to the first four counts; it was denied as to the fifth count (Hellenic Petroleum LLC's request for declaratory relief as to the Settlement Agreement). Idemitsu's motion to dismiss the complaint was granted with leave as to all counts.

Kodiak Mining & Minerals, Hellenic Petroleum, LLC, and

---

[5] The second count was pled in the alternative, in the event Consolidated Resources, Inc. "[i]s [d]eemed [n]ot [b]ound by the [t]erms of the Settlement Agreement." Second Amended Complaint, Count 2 Fraud, *Kodiak Mining & Minerals, LLC v. Don Rose Oil, Inc.*, No. 17-1086 (Bankr. E.D. Cal. September 5, 2018).

[6] The third count was also pled in the alternative. *Id.* at third count.

Consolidated Resources did not file an amended complaint, electing instead to stand on Hellenic Petroleum, LLC's fifth claim for declaratory relief with respect to the Settlement Agreement.

Trustee Parker answered the complaint and filed a counterclaim against Kodiak Mining & Minerals, Hellenic Petroleum, LLC, Consolidated Resources, Panagiotis Kechagias and Don Rose.  The counterclaim contains eight claims for relief: (1) Count I: Preferential Transfer, 11 U.S.C. § 547, regarding the Settlement Agreement (against Hellenic Petroleum); (2) Count II: Fraudulent Transfer, 11 U.S.C. § 548(a)(1)(B), regarding the Settlement Agreement (against Hellenic Petroleum, LLC); (3) Count III: Strong Arm Powers, 11 U.S.C. § 544 (against Hellenic Petroleum and Kodiak Mining & Minerals); (4) Count IV: Damages Arising from Wrongful Involuntary Bankruptcy, 11 U.S.C. § 303 (against Hellenic Petroleum, Kodiak Mining & Minerals, Panagiotis Kechagias and Don Rose); (5) Count V: Fraud in the Inducement of the $7 million loan (against Consolidated Resources and Don Rose); (6) Count VI: Declaratory Relief regarding the Settlement Agreement (against all counter-defendants); (7) Count VII: Recovery of Avoided Transfers, 11 U.S.C. § 550 (against Hellenic Petroleum, LLC); and (8) Count VIII: Disallowance of Claim, 11 U.S.C. § 502 (against all counter-defendants).

Sallyport responded by answering the Second Amended Complaint and by counterclaiming against Kodiak Mining & Minerals; Hellenic Petroleum, LLC, and Consolidated Resources.  The counterclaim contained three counts: (1) Count I: Breach of the Intercreditor, Subordination and Waterfall Payment Agreement (Sallyport against Hellenic Petroleum, LLC, Panagiotis Kechagias and Don Rose); (2) Count II: Declaratory Relief regarding the barite mineral rights and

9

Intercreditor, Subordination and Waterfall Payment Agreement

(Sallyport against Hellenic Petroleum, LLC); and (3) Count III:

Injunctive Relief (Sallyport against Hellenic Petroleum, Kodiak Mining

& Minerals, Panagiotis Kechagias and Don Rose).

Citing Rules 41(b) and 60(b), Sallyport, Idemitsu and Happy Rock

moved to amend the order granting their motions to dismiss the Second

Amended Complaint to make clear that the dismissal of the first four

counts ripened into "an adjudication on the merits."  Mot. at 3,

*Kodiak Mining & Minerals II, LLC*, NO. 17-1086, ECF No. 206.  Citing

*Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012), this court

denied the motion.  Civil Minutes, *Kodiak Mining & Minerals II, LLC*,

No. 17-1086, ECF No. 251.  It explained that in this instance the

failure to amend the complaint blocked appellate review of the order

granting the motion but did not implicate the principles of res

judicata.  *Id.* at * 5.  But the court expressly recognized the order

dismissing the Second Amended Complaint did not preclude further

proceedings before this court:

> In other words, *Lacey* does not preclude, for example, a
> challenge to the dismissal order under Rule 60(b) or a
> request for further leave to amend under Rule 15(a)(2).

Civil Minutes, *Kodiak Mining & Minerals II, LLC*, No. 17-1086, ECF No.

251.

Later, this court issued a scheduling order.  Scheduling Order,

*Kodiak Mining & Minerals II, LLC*, No. 17-1086, ECF No. 304.  This

adversary proceeding appears to be ready to set for trial.

### C.  The Consolidated Resources Action

Almost a year later, after the close of discovery in the Kodiak

Mining Action, Consolidated Resources filed a quiet title action in

state court.  *Consolidated Resources, Inc. v. DRO Barite, LLC*, No.

CIVDS1931070 (San Bernardino County Superior Court 2019) ("the Consolidated Resources Action").  The factual grounds for that action all but mirror the allegations of the "State Law Rights" asserted in the Kodiak Mining Action.  But the Consolidated Resources Action omits any reference to settlement agreement, notwithstanding that it was apparently a signatory to that agreement.

Sallyport removed the Consolidated Resources Action to this court.  28 U.S.C. § 1452.  Consolidated Resources moved to remand the action to San Bernardino County, which this court denied.

Sallyport, Idemistu and Happy Rock now move to dismiss with prejudice the now-removed Consolidated Resources Action under Rule 12(b)(6), arguing that the action constitutes impermissible claim splitting.  Consolidated Resources opposes the motion, arguing (1) that Sallyport, Idemitsu and Happy Rock "conflate the claim splitting doctrine with the doctrine of res judicata"; (2) the Consolidated Resources Action is not impermissible claim splitting; and (3) in the alternative that the court should consolidate the Kodiak Mining Action and now-removed Consolidated Resources Action.  Consolidated Resources Opposition at pp. 7-12, *Consolidated Resources, Inc.*, No. 19-1137, ECF No. 75.

**III.  JURSIDICTION**

This court has jurisdiction.  28 U.S.C. § 1334(a),(b); *see also* General Order No. 182 of the Eastern District of California.  This is a non-core proceeding.  28 U.S.C. § 157(c)(1); see also, Civil Minutes, pp. 6-9, *Kodiak Mining & Minerals II, LLC v. Don Rose Oil Co., Inc.*, No. 17-0186 (Bankr. E.D. Cal. 2017), ECF No. 102.

**IV.  LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move

to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6), incorporated by Fed. R. Bankr. P. 7012(b). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, LP, 534 F.3d 1116, 1121–22 (9th Cir. 2008); *accord Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

The Supreme Court has established the minimum requirements for pleading sufficient facts. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In ruling on a Rule 12(b)(6) motion to dismiss, the court accepts all factual allegations as true and construes them, along with all reasonable inferences drawn from them, in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In addition to looking at the facts alleged in the complaint, the court may also consider some limited materials without converting the

motion to dismiss into a motion for summary judgment under Rule 56.
Such materials include (1) documents attached to the complaint as
exhibits, (2) documents incorporated by reference in the complaint,
and (3) matters properly subject to judicial notice.  *United States v.
Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *accord Swartz v. KPMG LLP*,
476 F.3d 756, 763 (9th Cir. 2007) (per curium) (citing *Jacobson v.
Schwarzenegger*, 357 F. Supp. 2d 1198, 1204 (C.D. Cal. 2004)).  A
document may be incorporated by reference, moreover, if the complaint
makes extensive reference to the document or relies on the document as
the basis of a claim.  *Ritchie*, 342 F.3d at 908 (citation omitted).

In proper circumstances an aggrieved party may challenge an
opponent's effort to split claims by Rule 12(b)(6) motion.  *Unicolors,
Inc. v. Macy's Inc.*, 2015 WL 1020101 * 2 (C.D. Cal. March 6, 2015);
*Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1056-
57 (S.D. Cal. 2007); *Murphy v. Wells Fargo Home Mortgage*, 2013 WL
4482671 * 3 (N.D. Cal. August 19, 2013).[7]

"The burden of establishing improper claim splitting is on the
moving party."  *Unicolors, Inc.,* 2015 WL at * 2; *see also*, *Taylor v.
Sturgell*, 553 U.S. 880, 907 (2008) (burden of proof for claim
preclusion).  Comparison of the pleadings in the Kodiak Mining Action
and the Consolidated Resources Action provides a sufficient basis to

---

[7] Ordinarily, prevailing on a Rule 12(b)(6) motion results in dismissal.  Fed.
R. Civ. P. 12(b)(6).  But when ruling on a Rule 12(b)(6) motion addressing a
claim splitting issue, courts have broad discretion with respect to the
property remedy, including dismissal, staying the action, enjoining the
parties from proceeding with the second action, or consolidation.  *Restaurant
Equipment Contracting, Inc. v. Makino*, 148 F.Supp.3d 1126, 1128 (D. Nevada
2015).  The court in *Single Chip Sys.*, 495 F.Supp.2d at 1056-57, correctly
notes that the lesser remedies invoke the standards applicable to staying
proceedings (the inherent powers of the court) and consolidation (Rule
42(a)).

1  decide this motion.[8]

2  **V.   DISCUSSION**

3      As a rule, plaintiffs have "no right to maintain two separate

4  actions involving the same subject matter at the same time in the same

5  court and against the same defendants." *Walton v. Eaton Corp.,* 563

6  F.2d 66, 70 (3rd Cir. 1977); *Adams v. California Dept. of Health*

7  *Services*, 487 F.3d 684, 688 (9th Cir. 2007) (overruled on other

8  grounds by *Taylor v. Sturgell*, 553 U.S. 880, (2008).

9      Colloquially described as "claim splitting," the practice refers

10  to the improper pursuit of more than one lawsuit against the same

11  parties arising out of the same facts.  "The theory of claim splitting

12  bars a party from subsequent, duplicative litigation where the 'same

13  controversy" exists'." *Fairway Restaurant Equipment Contracting, Inc.*

14  *v. Makino*, 148 F.Supp.3d 1126, 1128 (D. Nevada 2015); *see also Single*

15  *Chip Sys.*, 495 F.Supp.2d at 1057; *Nakash v. Superior Court*, 196

16  Cal.App.3d 59 (1987).  It has been applied to state court actions

17  removed to federal court.  *Vanover v. NCO Financial Services, Inc.*,

18  857 F.3d 833 (11th Cir. 2017).  It has also been applied to preclude

19  plaintiffs that were denied leave to amend a complaint from filing a

20  second complaint based on the same facts.  *Adams*, 487 F.3d at 688; *see*

21  *also Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296

22  F.3d 982, 989 (10th Cir. 2002).

23      Claim splitting is a species of claim preclusion.  *In re*

24  *Associated Vintage Group, Inc.*, 283 B.R. 549, 555 (9th Cir. 2002),

25

26  _____

[8] The court may properly take judicial notice, Fed. R. Evid. 201, of: (1)

27  Second Amended Complaint, September 5, 2018, ECF No. 131; and (2) Verified
Complaint for Quiet Title in *Consolidated Resources, Inc. v. DRO Barite LLC*,
No. CIVDS 1931070 (San Bernardino County Superior Court October 16, 2019).

28

citing Restatement (Second) Judgments §§ 24-26 (1982).[9] But unlike most uses of claim preclusion, claim spitting "does not require a final judgment on the merits in the prior case." *Fairway Restaurant Equipment Contracting*, 148 F.Supp.3d at 1128; *Hartsel Springs Ranch,* 296 F.3d at 987 n. 1 ("[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion.").

In determining whether the actions violate the claim splitting rules, the court should consider whether the causes of action are identical and whether the parties are identical or at least in privity. *Id.* at 689.

---

[9] Section 25 provides the bar.

> The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.

Restatement (Second) § 25.

Section 24 defines the scope of the claim.

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

> (2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

Restatement (Second) § 24.

**A.    Claim Splitting**

    **1.    Causes of Action**

"The test for whether a subsequent action is barred is whether it arises from the same "transaction, or series of transactions" as the original action. Restatement (Second) § 24(1) (cited with approval in *Nevada* [*v. United States*, 463 U.S. 110, 130-31 n. 12, 103 (1983)]. Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together. Restatement (Second) § 24(2)." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992).  In deciding this issue, the court should consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams*, 487 F.3d at 689, quoting from *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).  "The last of these criteria ["the same transactional nucleus of facts"] is the most important."  *Costantini*, 681 F.2d at 1202.

First, the rights and interests of the parties in the Kodiak Mining Action and in the Consolidated Resources Action are in active competition.  As the pleadings now stand in the Kodiak Mining Action, Hellenic Petroleum and Sallyport seek declaratory relief as the to Settlement Agreement, which defined the rights of Hellenic Petroleum, Consolidated Resources and Don Rose Oil.  In contrast, trustee Randell Parker attacks both the Settlement Agreement, 11 U.S.C. §§ 548, 548, and the underlying transaction, i.e., the $7 million secured loan from Don Rose Oil and the deed in lieu of foreclosure resulting from that

16

loan.  Juxtaposed is the Consolidated Resources Action that seeks to quiet title in favor of Consolidated Resources against DRO Barite, Sallyport, Idemitsu, Happy Rock and "All Persons Unknown Claiming Any Legal or Equitable Right or Title."  Strangely, or perhaps tellingly, Trustee Parker has not been named as a defendant in the Consolidated Resources Action and the Settlement Agreement is omitted from those pleadings. The rights of the parties to these minerals will be defined by the Settlement Agreement, if not avoided by the trustee, or by the underlying common law theories, e.g. ultra vires and fraud.  Any effort to quiet title based on the same underlying theories and without consideration of the Settlement Agreement (which would work an accord and satisfaction) would impair any judgment in the Kodiak Mining Action.

Second, as to the underlying state law rights, e.g., failure of consideration, fraud in the inducement and/or ultra vires acts by a corporate officer, the theories and evidence will be the same.

Third, there is sufficient identity of rights.  The Kodiak Mining Action, particularly as asserted by trustee Parker (which addresses both the state law issues and avoidance actions), and the Consolidated Resources Action assert the same rights based on the same facts: (1) Don Rose's authority to bind Consolidated Resources and the effect of the lack of authority to encumber and/or transfer the barite to Don Rose Oil on persons who hold derivative rights; and (2) whether some, or all, of the transfer from Consolidated Resources, to Don Rose Oil may be avoided for lack of consideration or fraud in the inducement and the effect of such avoidance.  That the trustee has asserted additional substantive rights, e.g., 11 U.S.C. §§ 547, 548, 544, 303, does not defeat identity of rights.

Fourth, and most importantly, the Kodiak Mining Action and the Consolidated Resources Action "arise out of the same transactional nucleus of facts." As to the state law issues, there is a common nucleus of facts, arising from Don Rose's authority to transact business for Consolidated Resources and, even if he had such authority, whether those transactions are tainted by failure of consideration or fraud in the inducement.

For these reasons, this court finds identity of causes of action between the two actions.

### 2.   Parties

The second element of claim splitting is the identity of parties.

> The second determination in assessing whether a second action is impermissibly duplicative is **whether the parties or privies to the action are the same.** "A person who was not a party to a suit generally has not had a "full and fair opportunity to litigate" the claims and issues settled in that suit." Taylor v. Sturgell, 553 U.S. 880, 892, 128 S.Ct. 2161, 2171, 171 L.Ed.2d 155 (2008).

*Fairway Rest. Equip. Contracting, Inc.*, 148 F.Supp.3d at 1131 (emphasis added).

Parties common to both actions are Consolidated Resources, DRO Barite, Sallyport, Indemitsu, and Happy Rock.[10]  Because all parties to the Consolidated Resources Action are, or were, also parties to the Kodiak Mining Action, Consolidated Resources has had "full and fair

---

[10] The Consolidated Resources Action also names "All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Barite Mineral Rights." Complaint ¶ 6, *Consolidated Resources, Inc. v. DRO Barite, LLC*, No. 19-1137 (Bankr. E.D. Cal. 2019), ECF No. 1. Naming such individuals is customary and is authorized by statute. Cal. Code of Civ. Proc. § 762.060. Moreover, the court has authority to require the plaintiff to procure a title report to ensure all parties claiming an interest have been joined. *Id.* at § 762.040. Here, Consolidated Resources, discloses no such additional parties, save and except the Chapter 7 trustee, Randell Parker.

Indemitsu and Happy Rock were named in the original and Second Amended Complaint but have since been dismissed.

opportunity to litigate," *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008), against these parties and this court finds identity of parties.

Finding the Consolidated Resources Action falls within the reach of *Adams*, 487 F.3d at 688, and of *Hartsel Springs Ranch of Colorado, Inc.*, 296 F.3d at 989, this court finds that Consolidated Resources has engaged in claim splitting. Restatement (Second) §§ 24-26.

### B.    Remedy

Unlike most Rule 12(b)(6) motions (which result in dismissal of the action), the appropriate remedy for claim splitting lies with the discretion of the trial court and should be made "[a]fter weighing the equities of the case." *Fairway Rest. Equip. Contracting, Inc.*, 148 F.Supp.3d at 1128-29. Indeed, application of the claim splitting rule has always required a measure of discretion.

This court's decision is guided by two principles. First, a plaintiff may not "use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *Walton v. Easton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977); *Hartsel Springs Ranch of Colorado, Inc.*, 296 F.3d at 989.[11]

---

[11] Any argument that Consolidated Resources, was not required to file a Third Amended Complaint to preserve its rights with respect to the underlying state law claims, e.g., failure of consideration, fraud in the inducement, ultra vires acts by Don Rose, under the authority of *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002), is resolved by the compulsory nature of its claims. Fed. R. Civ. P. 13(a), *incorporated by* Fed. R. Bankr. P. 7013. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." *In re Marshall*, 600 F.3d 1037, 1057 (9th Cir. 2010), aff'd sub nom. *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). Here, the trustee has already pled fraud in the inducement of the $7 million dollar loan from Don Rose Oil to Consolidated Resources and declaratory relief as to the Settlement Agreement. First Amended Counterclaim at pp. 30-32, *Kodiak Mining & Minerals II, LLC v.*

Here, this court has given Consolidated Resources two opportunities to file an amended complaint in the Kodiak Mining Action. When the court granted Sallyport's Rule 12(b)(6) motion it gave Consolidated Resources 21 days' leave to file its Third Amended Complaint. Order, *Kodiak Mining & Minerals II, LLC*, No. 17-1086, ECF No. 189.

Moreover, when Sallyport and Idemistu sought to make the dismissal of the Second Amended Complaint "with prejudice," the court specifically reserved to Consolidated Resources the right to seek leave of court to file a Third Amended Complaint. Civil minutes at 5, *Kodiak Mining & Minerals II, LLC*, No. 17-1086, ECF No. 251 ("In other words, *Lacey* does not preclude, for example, a challenge to the dismissal order under Rule 60(b) or a request for further leave to amend under Rule 15(a)(2)"). Nearly one year after the court granted Sallyport's motion to dismiss the Second Amended Complaint, Consolidated Resources filed its state court action. This is an improper attempt to circumvent this court's previous orders pertaining to amending the complaint and that is a proper basis to dismiss a second complaint attempting to split claims. *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). As a result, the Consolidated Resources Action will be dismissed.

Second, when considering the appropriate remedy for claim splitting, the court should neither expand, *Walton v. Easton Corp.*, 563 F.2d at 71, nor contract the procedural rights that the plaintiff would have otherwise enjoyed. Indeed, the Restatement (Second) of Judgments § 26, cited with approval in *V.V.V. & Sons Edible Oils*

---

*Don Rose Oil Co., Inc.*, No. 17-1086 (Bankr. E.D. Cal. 2017), ECF No. 228. This court would have jurisdiction over that claim. 28 U.S.C. § 1367.

*Limited v. Meenakshi Overseas, LLC*, 946 F.3d 542, 545 (9th Cir. 2019), specifically provides that claim splitting should not work to "extinguish the claim" where "the court in the first action has expressly reserved the plaintiff's right to maintain the second action." Restatement (Second) § 26(b)(1). The comments to Restatement (Second) make this clearer still:

> It may appear in the course of an action that the plaintiff is splitting a claim, but that there are special reasons that justify his doing so, and accordingly that the judgment in the action ought not to have the usual consequences of extinguishing the entire claim; rather the plaintiff should be left with an opportunity to litigate in a second action that part of the claim which he justifiably omitted from the first action. **A determination by the court that its judgment is "without prejudice (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, or similar record, unless reversed or set aside, should ordinarily be given effect in the second action.**

Id. at cmt. b (emphasis added).

Here, the court contemplated that Consolidated Resources might well seek leave of court to amend its pleadings. Hence, though dismissal is the proper remedy, dismissal with prejudice is too severe.

**VI.   CONCLUSION**

For each of these reasons, the motion to dismiss will be granted with prejudice, except as to Consolidated Resources' right to seek leave to amend its complaint in *Kodiak Mining & Minerals II, LLC v. Don Rose Oil Co., Inc.*, No. 17-1086 (Bankr. E.D. Cal. 2017). The court will issue an order from chambers.

**Dated:** Apr 13, 2020

Fredrick E. Clement
United States Bankruptcy Judge

21

# Instructions to Clerk of Court

### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| **All Attorneys for the Plaintiff** (s) | **All Attorneys for the Defendant**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>2500 Tulare St, Ste 1401<br>Fresno, CA 93721 |